IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE S. HAAGENSEN,<br>    Plaintiff, | )<br>)<br>) Civil Action No.: 14-495 |
| vs. | ) Magistrate Judge Robert C. Mitchell/<br>) District Judge Arthur J. Schwab |
| MICHAEL J. WHERRY, BETTY MAY<br>REED, EDWARD ABERSOLD, ANNIE<br>and RUFUS K. HERSHBERGER,<br>RICHARD RAPONE, J.R. HARSESTER,<br>and KAREN MAGNONE,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

ROBERT C. MITCHELL, United States Magistrate Judge.

### I. RECOMMENDATION

On April 16, 2014, *pro se* Plaintiff, Janice S. Haagensen filed a complaint against Defendants Michael J. Wherry, sitting as Judge of the Court of Common Pleas of Lawrence County, Pennsylvania, Betty May Reed, Edward Abersold, Annie and Rufus K. Hersberger, Richard Rapone, Tax Collector of Lawrence County, J.R. Hardsetter, Director of Assessments of Lawrence County, and Karen Magnone, Property Tax Collector of North Beaver Township generally arising from a boundary line dispute between adjoining property owners. Each Defendant filed separate motions to dismiss the complaint against them. *See generally* Defs.'s Motions to Dismiss [ECF Nos. 13, 15, 16, 17, 18, 19, 20]. Plaintiff filed separate responses to each motion. Pl.'s Resp. to Defs.'s Mot. to Dismiss [ECF Nos. 27, 28, 29].

After careful review of Plaintiff's complaint, Defendants' motions to dismiss Plaintiff's complaint, their briefs in support and Plaintiff's responses, it is respectfully recommended that Defendants' motions to dismiss be granted in their entirety and the complaint be dismissed.

1

**II. REPORT**

*a. Background*

Plaintiff, Janice Haasgensen, an attorney proceeding *pro se*, brought this action alleging multiple constitutional violations in connection with a previous state court proceeding she brought against a number of the present defendants. In the instant case, Plaintiff, as personal representative of the Estate of Myrtle Shelburne Haagensen,[1] brings a declaratory judgment action against Defendants Honorable Michael J. Wherry, a Lawrence County Court of Common Pleas Judge, in his official and individual capacity ("Judge Wherry"); Betty May Reed, Edward Abersold, Anne and Rufus K. Hershberger, Plaintiff's neighbors ("Neighbor Defendants"); and Richard Rapone, J.R. Hardester, and Karen Magnone, Lawrence County Tax officials ("Tax Defendants") alleging multiple violations of her federal constitutional rights.

Before Plaintiff brought the instant action, she filed a quiet title action in the Court of Common Pleas of Lawrence County, Pennsylvania in June of 2006 against the Neighbor Defendants regarding a the ownership of a driveway, allegedly located within Plaintiff's parcel of property, that the Neighbor Defendants used to gain access to their respective properties. *See* Compl. at ¶ 39; State Court Opinion [ECF No. 16-3] at 1.[2]

A bench trial as to the owner of this property was held before Judge Wherry on February 7 and February 8, 2011. The facts of the underlying action were recounted by the state court as follows:

> Rufus J. Hershberger and Annie K. Hershberger purchased a parcel of property (hereinafter "the Reed

---

[1] Myrtle Shelburne Haagensen is Plaintiff's deceased mother.

[2] Because the state court opinion was attached to the Neighbor Defendants' Motion to Dismiss along with other documents and submitted as one whole exhibit, for ease of reference, the Court will refer to the docket number and corresponding page number in identifying these exhibits.

Farm") from Berry Reed on September 17, 2007. . . . Since this lawsuit was initiated prior to the property being sold, an Amendment to the Agreement of Sale was also entered into, whereby Betty Reed agreed to indemnify the Hershbergers against costs associated with defending this action.

On February 13, 2008, the Hershbergers filed a Petition to Intervene, after Plaintiff filed a request with this Court to bar the Hershbergers from using the driveway. Pursuant to Pa.R.C.P., Rule 2327, this Court granted the Hershberger's Petition[] . . . based on the fact that they had purchased the Reed Farm from Mrs. Reed subsequently to this action being initiated. As a result of that purchase, the Hershbergers are in a position where they may be adversely affected by these proceedings and, as such, must be afforded the opportunity to defend any right or interest they may have in regards to the property in question.

The sole issue before the Court for determination is based on a dispute between the parties regarding access to [a] driveway stemming off of New Road in the direct vicinity of the boundary line between North Beaver Township and Little Beaver Township, all of which is located within Lawrence County.

. . .

Defendants, Mr. Abersold and the Hershbergers, own property bordered on the north by Plaintiffs. New Road runs along the entire western border of the parcel of Mr. Abersold's property . . . until it makes a sharp turn to the east, thereby dividing Mr. Abersold's property from the Plaintiff. New Road then makes another sharp turn to the north continuing along the western edge of Plaintiff's property. These two sharp turns have been commonly referred to as the "dog's leg" throughout the hearings. At the point where New Road makes a second sharp turn to the north, a driveway begins. This driveway runs east and divides the north-eastern corner of Mr. Abersold's property and the Plaintiff's property. The driveway continues east, thereby dividing the north-west corner of the Reed Farm from the Plaintiff's property until it turns south to the Hershberger's farm house. The driveway and surrounding undeveloped property is the subject of this Action in Ejectment, as both the Plaintiff and the Defendants claim title to the driveway.

>It is clear from a literal interpretation of the parties' respective deeds that the lots were situated in such a way as to form a "T" where the three properties meet. From all of the exhibits offered into evidence, the Court determines that the driveway was located along the top of the "T" and followed the municipality line, until it turned south towards the Hirshberger's [sic] farm house. The real issue is whether or not the driveway in question ran north or south of the North Beaver-Little Beaver municipal boundary.
>
>The parties' respective positions can be summarized as follows: Plaintiff asserts title to the driveway and the surrounding area of ground measuring 48' x 700' x 720', and the right to immediate possession thereof. Plaintiff's claim is based on the contention that the dog's leg in New Road lies solely within North Beaver Township, as portrayed in the North Beaver Township Road Map, . . . which was prepared by the Lawrence County Planning Department, and the Lawrence County Tax Assessment Map. . . . Plaintiff additionally refers to . . . an actual aerial photograph, which seems to be relied on in creating the Tax Assessment Map.
>
>The Defendants on the other hand, also claim title to the driveway and the surrounding land. They base their arguments on the descriptions of their respective properties as set forth in the accompanying deeds. Defendants also argue, in the alternative, that even if Plaintiff does hold title to the driveway and surrounding property, the Defendants have acquired title to the same through adverse possession.

*Id*. at 32-35.

Both parties were given the opportunity and did present evidence and expert witnesses at the bench trial. *Id*. Judge Wherry ultimately dismissed Plaintiff's quiet title action, finding in favor of the Neighbor Defendants. *Id.* at 35. The attendant Order stated:

>Edward Abersold and Rufus and Annie Hershberger are hereby granted exclusive right, title and interest to the property described as follows:
>
>Beginning at the point of the intersect at the bend in the New Road with the West edge of the driveway leading

> towards the Reed Farm;
>
> > Thence long the North edge of said driveway extending in an Eastwardly direction along the length of an old barbed-wire fence, with the same being the Southern edge of the Haagensen's property, to a point on the East line of the Haagensen property.

*Id*. at 30. Plaintiff's subsequent motion for reconsideration of the court's finding was denied. *See Id*. at 74. Plaintiff appealed the trial court's final order to the Commonwealth Court which quashed it as untimely. *See id*. at 90. Plaintiff's Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court on December 14, 2011. *See id*. at 104.

Plaintiff filed suit in this Court on April 16, 2014 seeking a declaration that Defendants violated her federal constitutional rights on five separate bases. First, Plaintiff asserts:

> This is an action for declaratory judgment pursuant to the DJA, 28 U.S.C. § 2201, for purpose of resolving whether the state court violates separation of powers doctrine when it adjudicates the causes of parties who lack constitutional, prudential and statutory standing, pursuant to existing state and federal doctrines, to raise claims in any court of cognizable jurisdiction.
>
> Plaintiff seeks a declaration that the state trial court judge was without power to decide questions that could not affect the rights of litigants in the case before it, and lacked authority to exercise original jurisdiction over the cause of defendants without constitutional, statutory and prudential standing to assert claims to ownership of Haagensen lands.
>
> Plaintiff seeks a declaration that Betty M. Reed, Edward Abersold and the Hershbergers lacked standing to raise claims of title to Haagensen property which lay within North Beaver Township.

Compl. [ECF No. 1] at ¶¶ 171-173

Second, Plaintiff seeks a declaration

> that the state trial court judge lacked jurisdiction and violated separation of powers doctrine when he relocated boundaries between two separate townships as established for the last two hundred years by legislative and executive authority, and violated

5

> separation of powers doctrine and principles of due process when he reduced the size of titled holdings of residents of North Beaver Township by relocating and annexing a portion of their property into Little Beaver Township.
>
> Plaintiff seeks a declaration that a state court judge violated separation of powers doctrine when he moved the boundary between two separate townships to a new location, without referendum and in defiance of executive procedure as established by the Pennsylvania legislature.

*Id*. at ¶¶ 175-76.

Third, Plaintiff asserts that "the state court judge lacked jurisdiction to repeal the Statute of Frauds and the Recording Statutes by ruling that the conditions of a secret and unrecorded agreement substituted for the terms published in the instrument of conveyance; i.e., the deed of transfer from Betty M. Reed to the Hershbergers." *Id*. at ¶ 178.

Fourth, Plaintiff seeks a declaration

> that a [sic] trial court judge violated [sic] separation of powers doctrine and lacked jurisdiction to rule that two different parties both held title to Haasgensen land that lay in North Beaver Township, when their deeds recited that their lands lay in Little Beaver Township. The judge lacked jurisdiction to rule that Little Beaver Township could tax two or three different title holdings for the same piece of property which property had been assigned to the tax rolls of North Beaver Township for over forty-six years, and taxes for which were paid in the name of Myrtle S. and Darrow Haasgensen. As of this date, tax liabilities for the property in question are still being billed only to the Haagensen Estate.

*Id*. at ¶ 179.

Lastly, Plaintiff seeks a declaration that

> the taxing authorities of Lawrence County and North Beaver Township lack jurisdiction to impose a tax liability on persons who do not own the property for which they have been taxed, and tax authorities lack jurisdiction to collect tax from more than one individual or family unit for the same piece of ground.
>
> The Assessor's Office of Lawrence County, and officials within

> that agency who assess and appraise property in North Beaver Township, lack jurisdiction to assess and assign value for purposes of tax liability to property which does not lie in North Beaver Township.

*Id.* at ¶¶ 181-82.

Defendants timely filed separate motions to dismiss Plaintiff's complaint. *See* Judge Wherry's Mot. to Dismiss [ECF No. 13]; Neighbor Def.'s Mot. to Dismiss [ECF Nos. 15, 16, 17][3]; and Tax Defendants Mot. to Dismiss [ECF Nos. 18, 19, 20]. For the reasons set forth below, it is respectfully recommended that Defendants' motions to dismiss be granted in their entirety and Plaintiff's complaint be dismissed based upon the *Rooker-Feldman* doctrine.

b. *Standard of Review*

i. Federal Rule of Civil Procedure 12(b)(1)

A complaint must be dismissed if the court lacks subject matter jurisdiction over the matter alleged therein. *See* Fed. R. Civ. P. 12(b)(1), (h)(3). A plaintiff bears the burden of establishing subject matter jurisdiction over the matter. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

A motion to dismiss pursuant to 12(b)(1) due to lack of jurisdiction "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). If the defendant attacks the legal sufficiency of the claim, it is considered a facial attack on the court's jurisdiction and the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.* A motion to dismiss for lack of

---

[3] While the Neighbor Defendants' Motions to Dismiss were filed separately, they are identical to each other. For ease of reference, the Court will refer only to Defendant Abersold's motion and attendant brief. [ECF Nos. 15, and 15-2]. The same is true for the Tax Defendants' Motions to Dismiss [ECF Nos. 18, 19, 20]. The Court will reference only Defendant Hardester's motion and brief. [ECF Nos. 18 and 21].

subject matter jurisdiction made prior to the filing of the defendant's answer is considered a facial challenged to the complaint. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Alternatively, an attack based on the sufficiency of a jurisdictional fact is considered a factual challenge, and "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case." *Carpet Grp. Intern. v. Oriental Rug Importers*, 227 F.3d 62, 69 (3d Cir. 2000). A factual challenge to jurisdiction, as in this case, attacks the trial court's "very power to hear the case" and "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. As distinguished from a facial challenge, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the Plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id*. A complaint that lacks subject matter jurisdiction must be dismissed without prejudice, as the court has no authority to address the merits of the case. *See In re Orthopedic "Bone Screw" Products Liability Litig.*, 132 F.3d 152, 155-56 (3d Cir. 1997); *Chadda v. Mullins*, 430 Fed.Appx 192, 193-94 (3d Cir. 2011).

    ii. <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Generally, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. For a complaint to survive a Rule 12(b)(6) challenge, it must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). A court in determining whether a complaint meets this standard must read the complaint in the light most favorable to the plaintiff and all well-pleaded facts must be taken as true. *Id*. at 677. "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). That a court must accept all factual allegations in a complaint does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555.) (the court is not "bound to accept as true a legal conclusion couched as a factual allegation"). Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Doing so "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, n.3).

Along with the well-pleaded factual allegations of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case[]" without converting the motion to dismiss into one for summary judgment. *Pension Trust Fund for Operating Engineers v. Mortg. Asset Securitization Transactions, Inc*., 730 F.3d 263, 271 (3d Cir. Sept. 17, 2013) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994)). This includes judicial proceedings and state court records. *Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Defendants attached to their motions to dismiss copies of the opinion and order in the underlying state court action, and as these exhibits are considered public documents, they may be considered by the Court in making its recommendation pursuant to Fed. R. Civ. P. 12(b)(6).

*c. Discussion*

While the Court is tempted to address the substance of Plaintiff's claims, because a court "may not resolve a claim on the merits without first finding that it has jurisdiction to hear the claim – even if the merits question is 'easy' and the jurisdictional question is not," *Jones v. Newman*, 1999 WL 493429, at *7 (S.D.N.Y. June 30, 1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 92-94 (1998)), we will not do so here. Although each Defendant moves to dismiss Plaintiff's complaint against them separately, because this Court recommends dismissing the complaint based on the same legal theory, namely, the *Rooker-Feldman* doctrine, the Court will discuss each of the Defendant's motions collectively.

   i. <u>*Rooker-Feldman*</u>

Judge Wherry and the Tax Defendants move to dismiss Plaintiff's complaint based upon the *Rooker-Feldman* doctrine. The Court agrees with Defendants. While the Neighbor Defendants do not move to dismiss the complaint based upon this legal theory, because "courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented" for purposes of establishing subject-matter jurisdiction, the Court will also analyze the applicability of this doctrine in context with the Neighbor Defendants and likewise finds that it bars Plaintiff's complaint against these Defendants. *Gonzalez v. Thaler*, -- U.S. --, --, 132 S.Ct. 641, 648 (2012).

In general, the *Rooker-Feldman* doctrine bars a federal district court from reviewing a final decision of a state court. This also includes the final decisions of lower state courts. *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997). As set forth in 28 U.S.C. § 1257, a state court judgment is restricted to review only by the United States Supreme Court or where otherwise

provided by Congress.[4] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

A lower federal court is divested of subject matter jurisdiction in two circumstances under *Rooker-Feldman*: "(1) if the claim asserted in federal court was 'actually litigated' in state court prior to the filing of the federal action; or (2) if it is 'inextricably intertwined' with a state court adjudication." *Hawkins v. Supreme Court of New Jersey*, 2005 WL 2133588, at *5 (D.N.J. 2005) *aff'd* 174 Fed.App'x 683 (3d Cir. 2006); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-85 (2005). Therefore, "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments[]" are barred. *Exxon Mobil Corp.*, 554 U.S. at 284. Additionally, Courts have continuously dismissed declaration actions which seek to set aside, declare void or modify a state court judgment. *See Commonwealth Plaza Condominium Ass'n v. City of Chicago*, 693 F.3d 743 (7th Cir. 2012) (Plaintiff's attempt to argue that it did not seek to set aside the judgment but only win a declaration that the state court's ruling was unconstitutional failed under *Rooker-Feldman*); *Henrichs v. Valley View Devel.*, 474 F.3d 609, 613-615 (9th Cir. 2007) (subject matter jurisdiction was defeated by *Rooker-Feldman* in action to declare the state-court judgment void and enter judgment in favor of state-court loser); *Holt v. Lake Cnty. Bd. of Commissioners*, 408 F.3d 335 (7th Cir. 2005) (action to restore Plaintiff's property was barred by *Rooker-Feldman* because injury was caused by state-court judgments that permitted the sale of his property in a

---

[4] 28 U.S.C. § 1257(a) states in pertinent part that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court[.]" Because "Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intent to empower District Courts to review state court decisions." *Desi's Pizza Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003) (citations omitted).

tax sale).

First and foremost, the claims brought by Plaintiff against the Neighbor Defendants have already been litigated in state court and are barred by *Rooker-Feldman*. To the extent that any of Plaintiff's claims are brought against the Neighbor Defendants, Plaintiff asks this Court to declare that Plaintiff, and not the Neighbor Defendants, owns the property rights in question in fee simple. Her complaint specifically requests this Court to declare that "Betty M. Reed retained no interest in property which she has sold to a third party, and thus she had no interest or right in that property[,]" to declare that the state court's "orders are null and void in their entirety[,]" and to declare that the property boundary lines as determined by the state court were incorrect. Compl. [ECF No. 1] at p. 54-56. These issues were litigated in state court and the state court rendered a judgment on this issue against Plaintiff. Thus, *Rooker-Feldman* bars Plaintiff's complaint against the Neighbor Defendants and it is respectfully recommended that Plaintiff's complaint against the Neighbor Defendants be dismissed.

Next, the claims brought against Judge Wherry and the Tax Defendants are also barred by Rooker-Feldman because they are "inextricably intertwined" with the state court action.

The Court of Appeals for the Third Circuit has further refined the "inextricably intertwined" analysis into a four-part test: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010). As to the second requirement, the "critical task is thus to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury 'produced by a state-court judgment and not simply ratified, acquiesced in, or

12

left unpunished by it.'" *Great Western Mining & Mineral Co.*, 615 F.3d at 167 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)). Only when "a federal plaintiff asserts injury caused by the defendant's actions and not by the state-court judgment, *Rooker-Feldman* is not a bar to federal jurisdiction." *Id.* (collecting cases).

Here, Plaintiff clearly lost in state court and the judgments were entered prior to Plaintiff commencing the present action here. What is most important to this analysis, however, is that Plaintiff alleges no injury that is independent from the state court judgment. Her injury, *i.e.*, the alleged loss of property rights through alleged constitutional violations, was exclusively caused by the state court judgment entered in Defendants' favor. *See McCormick v. Braverman*, 451 F.3d 382, 384 (6th Cir. 2006) (Rooker-Feldman did not bar plaintiff's claims for loss in real property decided in state court where plaintiff claimed that defendants engaged in fraud, deception and abuse of process in the state court proceeding). Throughout the complaint, Plaintiff argues that her injuries were caused by the state court's interpretation of the deeds and conveyances, that the state court should not have permitted a defendant to intervene, that Judge Wherry considered the wrong documentation in support of his adjudication, and that Judge Wherry should not have believed the testimony of the Neighbor Defendants' expert witness over her own.[5] Ultimately, Plaintiff seeks a declaration that Judge Wherry was incorrect in his

---

[5] Additionally, the state court complaint mimics the complaint in this Court in that it outlines the same claim and asks for the same relief, although here, it is asking this court to void the state court finding against Plaintiff based on alleged constitutional violations. In particular, the state court complaint states: "Myrtle Haagensen was the original owner and possessed all property at 349 New Road, Enon Valley, PA 16120[.] . . . Defendants Reed and Abersold claim an interest and estate in such property adverse to plaintiff; defendants' claims are without any right, and defendants have no right, estate, title, lien or interest in the property, or any part of it. . . . Defendants Reed and Abersold et al[.] may claim some estate, right, title, lien or interest in or to the property adverse to plaintiff's title, and such claim or claims constitute a cloud on plaintiff's title to the property. Wherefore, plaintiff requests judgement [sic] as follows: 1. Defendants, and all persons claiming under them, be required to set forth the nature of their

13

finding that the property in question belonged to the Neighbor Defendants and that Plaintiff not is entitled to the unfettered possession of the property. This is simply Plaintiff's attempt to collaterally attack the judgment of the state court by adding seemingly fanciful constitutional claims in a declaratory judgment action. Most tellingly, the majority of Plaintiff's complaint explains why and how she is entitled to the tract of land, recounts excerpts of the state court opinion and explains why such findings were incorrect, and in her request for relief specifically asks this Court to declare that the "state court's orders are null and void in their entirety."[6] *See*

---

claims to the described real property; 2. All adverse claims to such real property be determined by a decree of this court; 3. The decree adjudge that plaintiff owes in fee simple, and is entitled to the quiet and peaceful possession of, such real property, and that defendants, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of it; 4. The decree permanently enjoin each defendant, and all persons claiming under them, from asserting any adverse claim to plaintiff's title to the property[.]" ECF No. 15-3 at ¶¶ 6-16.

[6] For example, the Complaint alleges as follows: "The boundaries of all of the properties in this case arise from or spring from the original Warrant Tract lines which as previously stated created the municipal boundary. In this section of Pennsylvania, ownership clearly first originated from the technical descriptions/mappings of these original Warrant Tracts. From that point forward ownership could be established and the mapping of the Warrant Tracts enabled subdivision or transfer of real property into all current deeds. The dogsleg in New Road clearly lies in North Beaver Township and it is shown as such on the North Beaver Township municipal road map, as prepared by the Lawrence County Planning Department in September 2004. The physical location of the dogsleg within North Beaver Township is further established by the Lawrence County Assessment Department maps, which are overlaid on aerial photogrammetry maps. The Lawrence County record maps clearly indicate that the boundary line between North Beaver and Little Beaver Townships lies SOUTH of the dogsleg in New Road. This fact is more fully supported by the Haagensen deed's technical description which calls for the southern boundary of Haagensen property to extend to the boundary between North Beaver and Little Beaver Townships. . . . Clearly, this deed description indicates that the Haagensen estate lies solely in North Beaver Township and spring from the original federal Warrant Tracts. The driveway in question is in the instant case lies solely in North Beaver Township (until it curves downhill to the Hershberger Farm) and since the Estate's deed runs to the municipal boundary between North Beaver and Little Beaver Townships, the driveway is contained solely in the Haagensen Estate's deed. The Estate of Myrtle S. Haagensen owns the driveway and property lying to the SOUTH of the driveway until it reaches the confines of the North Beaver/Little Beaver municipal boundary line. . . . Edward Abersold cannot claim any properties which lie beyond his deed; i.e., which lie in North Beaver Township, by virtue of the technical description off all the deeds in his chain of title which recite that all of his property lies within Little Beaver Township. . . . It is false for the Court to state that an easement agreement entered into by

Compl. [ECF No. 1] at p. 56. To redraw the property boundary lines, declare that the state court's allowance of a defendant to intervene in the action was inappropriate and to find those defendants did not have standing are all examples of how the findings of the state court judgment injured plaintiff. If the Court granted any of Plaintiff's sought after declarations, the state court judgment could not stand. Accordingly, it is respectfully recommended that Plaintiff's complaint against Judge Wherry and the Tax Defendants be dismissed as it is barred by *Rooker-Feldman*.

    ii.  Judicial Immunity

Assuming *arguendo*, that Plaintiff's suit against Judge Wherry was not barred by *Rooker-Feldman*, her claims would certainly be barred by judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). Judicial immunity will not be abandoned "because the action [the judge took] was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted). A judge acts in "clear absence of all jurisdiction" for example, where a probate judge with jurisdiction over only wills and estates tries a criminal case. *Id*. Even if a judge "is mistaken about the status of jurisdiction or commits a procedural error that allows him or her to act without jurisdiction, he or she will still be granted judicial immunity" for that act. *Perez v. Gamez*, 2013 WL 6147935, at *5 (M.D.Pa. November 22, 2013) (citing *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000)).

---

Edward Abersold and Wallace and Betty Reed, as recorded on December 21, 2005 (though the agreement itself is back-dated to March 26, 2002) was 'subsequently entered into with the Hershbergers after they purchased the farm from the Reeds." Compl. [ECF No. 1] at ¶¶ 78-84, 126, 141.

Here, all of Plaintiff's allegations against Judge Wherry concern actions he took in his official capacity as the trial judge presiding over the state court case. Insofar as Plaintiff alleges that Judge Wherry lacked jurisdiction over the case, this argument does not avail Plaintiff's claims. Judge Wherry, a judge in the Court of Common Pleas of Lawrence County, Pennsylvania had "unlimited original jurisdiction in all cases except as may otherwise provided by law." Pa. Const. art. V, § 5, cl. b.; *Perez*, 2013 WL 6147935, at *5. As such, the quiet title action brought by Plaintiff in state court was properly within Judge Wherry's jurisdiction. Accordingly, Plaintiff's allegations against Judge Wherry would also fail by virtue of judicial immunity.

### iii. Statutes of Limitations

The Tax Defendants also argue that the statute of limitations has run on Plaintiff's claims. Again assuming *arguendo* that her claims would not be barred by *Rooker-Feldman*, they would also be barred by the statute of limitations. In determining a motion to dismiss on statutes of limitations grounds under Rule 12(b)(6), the court must determine "whether 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Algrant v. Evergreen Nurseries Ltd. Partnership*, 126 F.3d 178, 181 (3d Cir. 1997) (quoting *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)). In the context of a declaratory judgment action, because such actions do not have their own statute of limitations

> when plaintiffs' claims are barred by a statute of limitations applicable to a concurrent legal remedy, then a court will withhold declaratory judgment relief in an independent suit essentially predicated upon the same cause of action. Otherwise, the statute of limitations can be circumvented merely by "[d]raping their claim in the raiment of the Declaratory Judgment Act."

*Algrant*, 126 F.3d at 184-85 (quoting *Orangetown v. Gorsuch*, 718 F.2d 29, 42 (2d Cir. 1997)).

16

Here, Plaintiff's entire complaint was filed as a declaratory action alleging constitutional violations. If Plaintiff had alleged direct constitutional violations against Defendants, she would have done so pursuant to 42 U.S.C. § 1983. The statute of limitations for a Section 1983 action is two years. *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985). Because Plaintiff's constitutional violations stem from the findings of the trial state court opinion and order issued April 13, 2011, Plaintiff had two years from that date to file suit, or April 13, 2013. Plaintiff did not file suit in this Court until April 16, 2014, approximately a year after the statute of limitations had run on her claims. Accordingly, Plaintiff's claims against Defendants would fail because they are barred by the statute of limitations.

    *d. Conclusion*

For the foregoing reasons, it is respectfully recommended that Defendants' motions to dismiss [ECF Nos. 13, 15, 16, 17, 18, 19, 20] be granted and Plaintiff's complaint be dismissed.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(D)(2) of the Local Rules pertaining to Magistrate Judges, the parties are permitted fourteen days to file written objections to this Report and Recommendation. Failure to do so may waive the right to appeal. Any party opposing written objections shall have fourteen days after the service of such objections to respond thereto.

Dated: September 8, 2014

                                            Respectfully submitted,

                                            s/Robert C. Mitchell
                                            ROBERT C. MITCHELL
                                            United States Magistrate Judge

cc: *via CM/ECF electronic filing system*

    The Honorable Arthur J. Schwab
    United States District Judge
    United States Courthouse

    Janice S. Haagensen, Plaintiff
    *Pro se*

    Caroline Liebenguth, Esquire
    Counsel for Michael J. Wherry

    Jonathan Soloman, Esquire
    Counsel for Betty May Reed, Edward Abersold and Annie and Rufus K. Hershberger

    Thomas W. Leslie, Esquire
    Counsel for Richard Rapone, J.R. Hardester, and Karen Magone