IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANICE HAAGENSEN,

    Plaintiff,

       v.

MICHAEL WHERRY, ET AL.,

    Defendants.

14cv0495
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER RE: DEFENDANTS' MOTION FOR SANCTIONS**

## I. Introduction and Background

On April 16, 2014, *pro se* Plaintiff Janice S. Haagensen filed this action on behalf of the estate of her deceased mother against Defendants Michael J. Wherry, sitting as Judge of the Court of Common Pleas of Lawrence County, Pennsylvania; Betty May Reed; Edward Abersold; Annie and Rufus K. Hershberger; Richard Rapone, Tax Collector of Lawrence County; J.R. Hardsetter, Director of Assessments of Lawrence County; and Karen Magnone, Property Tax Collector of North Beaver Township, alleging constitutional violations related to a previous action to quiet title that she initiated in the Court of Common Pleas of Lawrence County.[1] Doc. Nos. 1; 16-3; and 30. Plaintiff's quiet title action was dismissed after a bench trial before Judge Wherry, who found in favor of Defendants Edward Abersold, Betty May Reed (the prior owner of the Hershbergers' property which was sold during the pendency of the quiet title action), and Rufus and Annie Hershberger. Doc. No. 16-3, p. 30.

---

[1] The quiet title action related to ownership of a driveway used by Defendants Edward Abersold and Annie and Rufus Hershberger to access their property, but which Plaintiff alleged belonged to her mother's estate.

Plaintiff then filed a Motion for Reconsideration, which was denied (doc. no. 16-3, p. 74), and an appeal to the Commonwealth Court which was quashed as untimely (doc. no. 16-3, p. 90). Plaintiff also filed a Petition for Allowance of Appeal which was denied by the Supreme Court of Pennsylvania on December 14, 2011. Doc. No. 16-3, p. 104.

Three years after Judge Wherry's judgment for Defendants Edward Abersold, Betty May Reed, and Rufus and Annie Hershberger in the quiet title action, Plaintiff commenced this lawsuit seeking a declaration that (1) Mr. Abersold, the Hershbergers, and Ms. Reed lacked standing to raise claims of title to the property at issue in the quiet title action - - which Plaintiff herself initiated in state court - - and that the trial court had no jurisdiction to decide those claims; (2) that the trial court relocated a boundary between separate townships without jurisdiction and in violation of the separation of powers doctrine when he decided the quiet title action; (3) that the trial court lacked jurisdiction to "repeal the Statute of Frauds and the Recording Statutes" by ruling in Mr. Abersold's and the Hershbergers' favors; (4) that the trial court lacked jurisdiction and violated the separation of powers doctrine to rule that the properties of Mr. Abersold and the Hershbergers - - which are located in Little Beaver Township - - can claim title to land that is located in North Beaver Township; and (5) that the taxing authorities of Lawrence County and North Beaver Township "lack jurisdiction to impose a tax liability on persons who do not own the property for which they have been taxed[.]" Doc. No. 1.

The gist of Plaintiff's claims was summarized by Magistrate Judge Mitchell's Report and Recommendation on Defendants' Motions to Dismiss:

> This is simply Plaintiff's attempt to collaterally attack the
> judgment of the state court by adding seemingly fanciful
> constitutional claims in a declaratory judgment action. Most
> tellingly, the majority of Plaintiff's complaint explains why and
> how she is entitled to the tract of land, recounts excerpts of the
> state court opinion and explains why such findings were incorrect,

> and in her request for relief specifically asks this Court to declare
> that the "state court's orders are null and void in their entirety." To
> redraw the property boundary lines, declare that the state court's
> allowance of a defendant to intervene in the action was
> inappropriate and to find those defendants did not have standing
> are all examples of how the findings of the state court judgment
> injured plaintiff.

Doc. No. 30, p. 14. (internal citations omitted).

This Court adopted Magistrate Judge Mitchell's Report and Recommendation as the Opinion of the District Court and dismissed Plaintiff's Complaint pursuant to *Rooker-Feldman*. Doc. No. 33; *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1980) (A district court lacks subject matter jurisdiction over a claim that was previously litigated in state court or that is inextricably intertwined with a state court adjudication.).[2] Plaintiff's Motion for Reconsideration of the dismissal was denied and Plaintiff appealed to the United States Court of Appeals for the Third Circuit. Doc. Nos. 35 and 43. The Court of Appeals affirmed the dismissal[3] and taxed costs against Plaintiff. Doc. Nos. 46 and 47.

Now before the Court is Defendants Abersold's, Reed's, and the Hershbergers' Motion for Sanctions Against Plaintiff (doc. nos. 49 and 50[4]) - - which seeks $4,298.40 to reimburse the Defendants for attorney's fees and costs paid to date in this action and an order enjoining Plaintiff from filing *pro se* any further pleadings in this or any future case in this District Court. Doc. No. 50-1. For the reasons that follow, Defendants' Motion will be granted in part and denied in part.

---

[2] The Court also found that, even absent *Rooker-Feldman*, Plaintiff's claims against Judge Wherry would be barred by judicial immunity, (doc. no. 30, pp.14-15), and that all of Plaintiff's claims, if cognizable, would be barred by the applicable statute of limitations (doc. no. 30, pp. 16-17).
[3] Although the Court of Appeals did not find that *Rooker-Feldman* precluded Plaintiff's claims against the "Tax Defendants" (Rapone, Hardsetter, and Magnone), the Court of Appeals nonetheless found that Plaintiff did not assert against those Defendants any claim upon which relief may be granted.
[4] Doc. Nos. 49 and 50 appear to be identical in all respects except that Doc. No. 50 attaches a Proposed Order.

## II. Discussion

The general rule in federal courts is that a litigant cannot recover his counsel fees. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). However, Courts are vested with the inherent power to levy sanctions against litigants for abusive litigation practices. *Id.* In *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975), the Supreme Court acknowledged that District Courts have the power to assess attorneys' fees when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons[.]"

Plaintiff filed this action *pro se*, and although"*[p]ro se* litigants are not immune from any sanction by virtue of their status alone[,]" *Zaczek v. Fauquier County, Va.*, 764 F. Supp. 1071 (E.D. Va. 1991), Haagensen was a practicing attorney before her license was suspended by the Supreme Court of Pennsylvania in February 2010, with a reciprocal suspension issued by the Court of Appeals in June 2012. *See In re: Janice Haagensen*, Civ. A. No. 10-8013 (3d Cir.). The Court of Appeals has previously found that Haagensen's conduct is concerning and that her "manner of practicing law has been described as "vexatious[.]" *Haagensen v. Supreme Court of Pennsylvania*, 390 Fed. App'x 94, 98 (3d Cir. 2010). Plaintiff's legal education, training, and experience are factors in this Court's decision to sanction her now.

Plaintiff has been repeatedly rebuked for making frivolous claims and arguments without supporting case law - - as she did in the underlying action here and in response to this Motion for Sanctions. *See* Doc. Nos. 27 and 51; *Haagensen v. Supreme Court of Pennsylvania*, 390 Fed. App'x 94; *In re: Haagensen*, 2010 WL 887366 (W.D. Pa. March 8, 2010); *In re: Janice Shelburne Haagensen, Esq.*, C.A. Misc. Nos. 10-8013 and 10-8046 (3d. Cir.); and *Grine v. Coombs*, 112 Fed. App'x 830 (3d Cir. 2004) (in which Plaintiff herself, as attorney for the

appellant, was sanctioned with an assessment of attorney's fees of approximately $45,000 because of the clearly frivolous arguments she repeatedly raised on appeal.).

In opposition to this motion, Plaintiff has only advanced the same arguments she ill-advisedly raised in front of the Court of Appeals to oppose the award of attorney fees in *Grine*, in which she argued that because the claims were "dismissed for lack of jurisdiction, there was no decision on the merits . . . and thus, presumably, that the [claims] could not have been meritless." 112 Fed. App'x at 833-34; Doc. No. 51. Plaintiff has not set forth any challenge to Defendants' calculation of the fees in this matter, nor has she advanced any evidence or argument that she filed this action and the appeal of it in good faith. *See* Doc. No. 51. The Court concludes, therefore, that Plaintiff's conduct herein was vexatious, harassing, and an improper use of the courts. Prior to filing this lawsuit, Plaintiff was well-informed of the consequences of bringing frivolous actions and appeals.

The Court will order Plaintiff to pay Defendants' attorney's fees in the amount of $4,298.40 as an appropriate sanction for her bad-faith conduct - - as that amount is reasonable and will mitigate some of the harm caused to the individual Defendants here, who have been forced to defend these frivolous claims related to a long-settled property dispute.

However, the Court must exercise restraint and discretion when considering appropriate sanctions pursuant to its inherent powers. The Court will decline to impose any requirements that Plaintiff hire an attorney to file any future pleadings or lawsuits in this District Court in the future, as Defendants request in their motion, but will caution Plaintiff that in the event she engages in future frivolous filings or vexatious conduct, the Court will enter an Order enjoining her from filing any action without first seeking leave of the Court.

### III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion is GRANTED IN PART AND DENIED IN PART. Plaintiff is ORDERED to reimburse Defendants Abersold, Reed, and the Hershbergers in the amount of $4,298.40 for attorney's fees and costs paid to date.

SO ORDERED, this 10th day of March, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge