IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANICE HAAGENSEN,

      Plaintiff,                    14cv0495
                                        **ELECTRONICALLY FILED**

      v.

MICHAEL WHERRY, ET AL.,

      Defendants.

# MEMORANDUM ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISTRICT COURT ORDER (DOC. NO. 52)

In April 2014, Plaintiff Janice Haagensen commenced this lawsuit, *pro se*, on behalf of her deceased mother's estate. Doc. No. 1. Defendants filed Motions to Dismiss. Doc. Nos. 13, 15-20. In September 2014, United States Magistrate Judge Mitchell filed a Report and Recommendation, in which he recommended that Defendants' Motions to Dismiss be granted and Plaintiff's Complaint be dismissed. Doc. No. 30. On October 7, 2014, the Court adopted Judge Mitchell's Report and Recommendation, granting Defendants' Motions to Dismiss, and dismissing Plaintiff's Complaint. Doc. No. 33.

Plaintiff filed a Motion for Reconsideration of the dismissal, which was denied. Doc. No. 35. Defendants Abersold, Reed, and the Hershbergers filed Motions for Sanctions, doc. nos. 36, 38, and 40. Plaintiff then filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit, doc. no. 43, and Defendants' Motions for Sanctions were accordingly dismissed without prejudice pending the outcome of the appeal. Docket Entry 10/27/2014. The Court of Appeals affirmed the dismissal of Plaintiff's Complaint. Doc. Nos. 46 and 47. Defendants filed Second Motions for Sanctions against Plaintiff, doc. nos. 49 and 50, which this Court granted in part and denied in part. Doc. No. 52.

Presently before the Court is Plaintiff's Motion to Reconsider the Court's Order granting in part and denying in part Defendants' Motion for Sanctions. Doc. No. 54. Plaintiff re-asserts her prior argument that the Court does not have jurisdiction to enter an order for sanctions because it dismissed her lawsuit and also argues that the Court was not permitted to consider Plaintiff's conduct in prior litigation, namely by reference to *In re: Janice Haagensen*, Civ. A. No. 10-8013 (3d Cir.); *Haagensen v. Supreme Court of Pennsylvania*, 390 Fed. App'x 94, 98 (3d Cir. 2010); *In re: Haagensen*, 2010 WL 887366 (W.D. Pa. March 8, 2010); *In re: Janice Shelburne Haagensen, Esq.*, C.A. Misc. No.10-8046 (3d. Cir.); and *Grine v. Coombs*, 112 Fed. App'x 830 (3d Cir. 2004). Doc. No. 54, pp. 4-5.

A proper motion for reconsideration must rely on either: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)). Plaintiff does not establish any of these grounds for reconsideration.

First, it is well-settled that Courts are vested with the inherent power to levy sanctions against litigants for abusive litigation practices and to accordingly award attorneys' fees when a losing party has acted in bad faith. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Second, Courts are also vested with the inherent power to prevent vexatious and frivolous litigation which abuses and wastes the limited resources of the court system. *See Perry v. Gold & Laine, P.C.* 371 F. Supp. 2d 622, 629-632. It is proper for a Court to consider a litigant's filing history and litigation conduct when determining whether to sanction her for alleged bad-faith conduct. *See id.* and *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72 (3d

Cir. 1989) ("This Court has made clear that *a pattern of groundless and vexatious litigation* will justify an order prohibiting further filings without permission of the court.") (emphasis added).

The Court declined to impose restrictions on Plaintiff regarding future filings, but cautioned Plaintiff that if she engages in future frivolous filings or vexatious conduct, the Court will enter an Order enjoining her from filing any action without first seeking leave of the Court. It is concerning to the Court that Plaintiff has now filed this Motion for Reconsideration once again challenging the authority of a Court - - and repeating the same frivolous arguments regarding the jurisdiction of the Court that have now twice resulted in the imposition of sanctions against her. *See* Doc. No. 52 and *Grine*, 112 Fed. App'x at 833-34.

Accordingly, IT IS HEREBY ORDERED THAT Pro Se Plaintiff's Motion for Reconsideration (Doc. No. 54) is DENIED.

SO ORDERED this 16th day of March, 2016

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge